J. Stephen Peek, Esq.
Nevada Bar No. 1758
Brad M. Johnston, Esq.
Nevada Bar No. 8515
Hale Lane Peek Dennison
  and Howard
5441 Kietzke Lane
Second Floor
Reno, Nevada 89511
Telephone: (775) 327-3000
Facsimile: (775) 786-6179

Charles K. Verhoeven, Esq.
Jennifer A. Kash, Esq.
W. Paul Schuck, Esq.
Quinn Emanuel Urquhart
  Oliver & Hedges, LLP
50 California Street, 22d Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for Defendants MP Games LLC,
Robert Mouchou, Alliance Gaming Corp.
and Bally Gaming, Inc.

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SHUFFLE MASTER, INC., | CASE NO. CV-N-04-0407-HDM-(RAM) |
| Plaintiff, | **SUPPLEMENTAL DECLARATION OF DR. A. LYNN ABBOTT IN SUPPORT OF DEFENDANTS' JOINT REPLY CLAIM CONSTRUCTION BRIEF** |
| v. | |
| MP GAMES LLC D/B/A MINDPLAY GAMES; ROBERT MOUCHOU; ALLIANCE GAMING CORP. D/B/A BALLY GAMING AND SYSTEMS; BALLY GAMING, INC., | |
| Defendants | |
| AND RELATED COUNTER-CLAIMS | |

SUPPLEMENTAL ABBOTT DECL. IN SUPPORT OF DEFS' JOINT REPLY CLAIM CONSTRUCTION BRIEF

I, A. Lynn Abbott, declare as follows:

1. I submit the following declaration on behalf of Defendants MP Games LLC, Robert Mouchou, Alliance Gaming Corp. and Bally Gaming, Inc. (collectively, "Defendants") in support of Defendants' Joint Responsive Claim Construction Brief.

2. My professional credentials are set forth in my first declaration, Declaration of Dr. A. Lynn Abbott in Support of Defendants' Joint Responsive Claim Construction Brief, at Paragraphs 2-6, which are incorporated by reference.

3. I have been retained by Defendants to provide opinions on the meaning of asserted claims of U.S. Patent No. 6,517,436 ("the '436 Patent") and U.S. Patent No. 6,520,857 ("the '857 Patent") ("Defendants' patents").

4. In connection with the preparation of this declaration, I have thoroughly reviewed Defendants' patents. I have also examined their respective prosecution histories and prior art cited in the patents and their prosecution histories.

5. As a technical expert, I have been instructed by the attorneys for Defendants on the process of patent claim construction. Specifically, it is my understanding that a patent is to be construed or interpreted as it would have been by a person having ordinary skill in the art at the time that the patent was filed. My opinions are based on that understanding.

6. A person of ordinary skill in the art would know that an "other image capture device" as that term is used in the '436 and '857 Patents could be used for "table imaging" or for "imaging at least a portion of the playing surface of the gaming table."

7. Moreover, one of ordinary skill in the art would know what image capture devices would be appropriate for such a task.

8. In the '436 Patent, claims 5 and 7, "second table imaging field-of-view different from and the first table imaging field-of-view" would be understood by one of skill in the art as "second table imaging field-of-view different from the first table imaging field-of-view."

9. Defendants' proposed correction of "second table imaging field-of-view different from and the first table imaging field-of-view" to "second table imaging field-of-view different

1  from the first table imaging field-of-view" reflects the only way one skilled in the art could
2  reasonably read the patent language in question.
3      I declare under penalty of perjury under the laws of the United States of America that the
4  foregoing is true and correct.
5      Executed on this 8th day of April, 2005 at Blacksburg, Virginia.

*/s/ A. Lynn Abbott*
Dr. A. Lynn Abbott