WAYNE SHAFFER          wshaffer@laxalt-nomura.com
LAXALT & NOMURA, LTD
9600 Gateway Drive
Reno, Nevada 89521
Telephone: (775) 322-1170
Facsimile: (775) 322-1865

ROBERT G. KRUPKA, P.C.     bkrupka@kirkland.com
BARRY F. IRWIN, P.C.       birwin@kirkland.com
MICHAEL P. BREGENZER       mbregenzer@kirkland.com
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601-6636
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SHUFFLE MASTER, INC. and IGT,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MP GAMES LLC D/B/A MINDPLAY GAMES, ROBERT MOUCHOU, ALLIANCE GAMING CORP. D/B/A BALLY GAMING AND SYSTEMS and BALLY GAMING, INC.,<br><br>　　　　Defendants. | CV-N-04-0407-ECR (RAM)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE THE SUPPLEMENTAL EXPERT REPORT OF JAMES T. CARMICHAEL AND THE PORTIONS OF THE SUPPLEMENTAL EXPERT REPORT OF JOHN STRISOWER ADDRESSING PLAINTIFFS' INTERFERENCE CLAIM FOR VIOLATION OF THE COURT'S JUNE 14, 2007 ORDER** |

I.   **INTRODUCTION**

The Court's June 14 Order permitted the parties "to submit supplemental expert reports on the issue of obviousness." Ex. A (June 14, 2007 Order). This is exactly what Plaintiffs did. Defendants do not dispute that obviousness is the backbone of an interference determination. Indeed, the interference analysis is simply a determination of whether any claim of the Schubert patent anticipates or renders obvious any claim of the MindPlay patents. *Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1161 (Fed. Cir. 2006) ("two patents interfere only if (1) invention A either anticipates *or renders obvious* invention B, where Party A's claimed invention is presumed to be prior art vis-à-vis Party B and (2) vice versa.")(emphasis added). The interference section of the Strisower and Carmichael reports that Defendants attack simply explain how certain claims of the Schubert patent render obvious certain claims of the MindPlay patents, especially in light of the factors identified as appropriate for consideration by the Court in *KSR*. There are no new interference conclusions reached, just an explanation as to how the factors that the *KSR* Court set forth as appropriate for consideration in an obviousness analysis support what Mr. Carmichael and Mr. Strisower have said all along on the obviousness-based interference issues.[1]

In a transparent attempt to have this obviousness-based interference determination made based upon the "too rigid" Federal Circuit standard and in a desperate attempt to save their patents, Defendants play word games. Again, without ever disputing that obviousness is the backbone of an interference determination, Defendants claim that Plaintiffs should not be permitted to explain how certain claims of the Schubert patent render obvious certain claims of the MindPlay patents under the standards articulated by the Supreme Court, because the ultimate conclusion of that obviousness analysis is that the MindPlay patent claims are invalid as interfering with the Schubert claims, and

---

[1]   Defendants continually attempt to mislead the Court by stating that Mr. Strisower's previous report on interference was "only two sentences long." Motion to Strike at 5. In truth, Mr. Strisower reviewed over 75 pages of detailed analysis and he "incorporate[d] Mr. Carmichael's opinions on those topics [therein]." Strisower 6/30 Report at
(Continued…)

*allegedly,* the parties (in their discussions regarding a stipulation that was not even entered by the Court) never specifically referred to interference.  However, neither the Court Order nor the unentered stipulation needed to specifically refer to interference to permit the Plaintiffs to supplement the expert reports in the manner that they were supplemented.  The unentered stipulation and the Court Order specifically permit the parties to submit supplemental expert reports on the issue of obviousness.  Again, the interference portions of Plaintiffs' supplemental expert reports simply explain how certain claims of the Schubert patent render obvious certain claims of the MindPlay patents under the standards expressed in *KSR*.  As such, this analysis falls squarely within the context of the Court Order.  And even if the Court Order did not expressly permit such supplemental analysis (although it does), it makes absolutely no sense for Plaintiffs to be precluded from supplementing their expert reports on this issue.  The Court and the parties recognized that *KSR* justified supplementing expert reports on issues that were impacted by *KSR*.  Defendants motion to strike boils down to a failed attempt of "gotcha."  However, this case should be decided on the merits and under the appropriate legal standards.  Even if Defendants were somehow misled into believing that there would be no supplement to that portion of the expert reports that demonstrated how certain claims of the Schubert patent anticipated or rendered obvious certain claims of the MindPlay patents, they have suffered no harm.  Defendants have not requested an extension of the remaining expert report deadlines to prepare and submit a rebuttal report, and indeed, they have confirmed that they will be submitting a rebuttal report on the August 16 due date.[2]

---

160.   Apparently, Defendants think Mr. Strisower should have contributed to the demise of the environment by needlessly attaching the interference tables attached to Mr. Carmichael's report.

[2]   Ironically, Defendants claim that Plaintiffs used this supplementation to "fix" certain perceived deficiencies in the prior interference reports.  However, as explained in Plaintiffs' summary judgment briefs on these issues, there were no deficiencies in Plaintiffs' expert reports.  *See e.g.,* Plaintiffs' Memorandum in Opposition to Defendants' Eighth Motion for Summary Judgment of Plaintiffs' Counts I-III of Counterclaims for Interference at 7-19.  Rule 26 only requires that an expert report set forth the expert's opinions and the basis thereof.  "[A]n expert is not required to 'recite each minute fact or piece of scientific information that might be elicited on direct examination to establish the
(Continued…)

Defendants also argue that Mr. Carmichael's supplemental opinion was improper to the extent he confirmed his prior opinion that certain references should have been disclosed to the Patent Office because they were material in that they prove the MindPlay patent claims were obvious, especially in light of *KSR*. But this argument ignores the fact that one of the key issues in determining whether the patentee improperly withheld information is whether the "information … establishes, by itself ***or in combination with other information, a prima facie case of unpatentability of a claim***." 35 C.F.R. § 1.56 (emphasis added). In other words, a reference is material if it anticipates or renders obvious a claim of a patent application. Thus, obviousness is an important element of whether a reference should have been disclosed, and Mr. Carmichael's discussion of the manner in which the *KSR* decision supports his prior opinion (expressed as part of his inequitable conduct analysis) that certain references were material because they rendered obvious the pending claims falls squarely within the Court's June 14 Order permitting supplementation on the issue of obviousness. Again, Mr. Carmichael has not expressed any new conclusions. Rather, he simply explains how the *KSR* case further supports his previous opinion that certain references were material—because they rendered the pending claims obvious—and, as he said before, should have been disclosed to the Patent Office.

In sum, there is no dispute that Plaintiffs' experts limited their supplemental reports to the issue of obviousness as required by the Court's June 14 Order. Indeed, Defendants acknowledge this. But because Plaintiffs properly chose to update their expert reports to address all of the issues impacted by obviousness, as opposed to just one of those issues, Defendants now seek to re-write the Court's June 14 Order, after Plaintiffs' relied upon it, and have certain issues decided without

---

admissibility of the expert opinion under *Daubert*.'" *Single Chip Systems Corp. v. Intermec IP Corp.*, No. CIV. 04CV1517JAH(CAB), 2007 WL 1970877, *7 (S.D. Cal. June 29, 2007). *See also McCoy v. Whirlpool Corp.*, 214 F.R.D. 646, 652 (D. Kan. 2003) (holding that an expert is not required "to anticipate every criticism and articulate every nano-detail that might be involved in defending the opinion on cross examination"). Defendants, on the other hand, used the Court's June 14 Order to submit completely new opinions on obviousness and to interject alleged prior art
(Continued…)

the benefit of *KSR*. Plaintiffs respectfully request that the Court reject Defendants' attempts to have decisions in this case decided on an incomplete record, and reject Defendants' Motion to Strike.

II. ARGUMENT

    A. **Plaintiffs' Interference Claims Were Impacted By The Supreme Court's Decision in *KSR* Inasmuch as One Aspect of Interference is Obviousness.**

Defendants argue that this Court's June 14 Order permitting supplemental expert reports on obviousness should not stand as a basis to supplement the obviousness portion of Plaintiffs' interference counts. However, it is black letter patent law that:

> [T]he first step in an interference analysis is for the court to determine whether an interference exists under 35 U.S.C. § 291 by asking whether the "patents ... have the same or substantially the same subject matter in similar form as that required by the PTO pursuant to 35 U.S.C. § 135." In order to make this determination, we use the "two-way" test which states that two patents interfere only if (1) invention *A* either anticipates ***or renders obvious*** invention *B*, where Party *A*'s claimed invention is presumed to be prior art vis-à-vis Party *B* and (2) vice versa.

*Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1161 (Fed. Cir. 2006) (emphasis added). And Defendants are well aware that an obviousness analysis is a key aspect of an interference claim. Indeed, in their pending Interference SJ Motion, Defendants explicitly stated that:

> To prevail on their claims of Interference, Plaintiffs must show by clear and convincing evidence that the '871 patent anticipates ***or renders obvious*** the MindPlay patents and that the MindPlay patents anticipate ***or render obvious*** the '871 patent.

Interference SJ Motion at 2.³

Defendants further reiterated these same arguments in their Reply in Support of Motion for Summary Judgment of Plaintiffs' Counts I-III of Counterclaims for Interference ("Interference SJ Reply"), stating, for example, that: "the underlying questions to the interference-in-fact inquiry in a

---

never before mentioned. Defendants submitted a 186-page report to supplement the five-pages originally proffered on the issue of obviousness, including detailed discussion of issues that were not impacted in any way by the *KSR* decision.

³     Defendants, of course, got the burden of proof wrong. *Bruning v. Hirose*, 161 F.3d 681, 684 (Fed. Cir. 1998) ("It is well settled that where an interference is between a patent that issued on an application that was copending with an interfering application, the applicable standard of proof is preponderance of the evidence") *quoting Bosies v. Benedict*, 27 F.3d 539, 541-541 (Fed. Cir. 1994).

§ 291 action are those of anticipation *and obviousness* under 35 U.S.C. § 102 and 103." Interference SJ Reply at 1. *See also id.* at 3 ("The interference analysis, however, requires determining whether the claims of the patents anticipate one another *or render the other obvious*"). Thus, there can be no dispute that obviousness is an integral part of an interference claim. And there should be no dispute that the Court's June 14 Order that permits supplementation on the issue of obviousness permits Plaintiffs to supplement their report showing how certain claims of the Schubert '871 patent render obvious certain claims of the MindPlay patents.

    **B.    Shuffle Master's Inequitable Conduct Claims Were Impacted By The Supreme Court's Decision in *KSR* Inasmuch as One Aspect of Inequitable Conduct is Whether the Undisclosed Prior Art Would Render The Invention Obvious.**

Defendants also argue that *KSR* had no impact on Plaintiffs' inequitable conduct claim, allegedly because *KSR* cannot retroactively change what would have been relevant to the obviousness of the pending patent claims (material). Therefore, Defendants contend *KSR* is irrelevant to whether prior art was material to Defendants' pending patent claims and that Plaintiffs should not be allowed to rely upon *KSR* when arguing that an undisclosed reference was material to the patentability of Defendants' pending patent claims, because that reference renders the pending claims obvious.

However, it is black letter patent law that the "[d]etermination of inequitable conduct requires a two step analysis. First, the trial court must determine whether the withheld reference meets a threshold level of materiality. The trial court must then also determine whether the evidence shows a threshold level of intent to mislead the PTO." *Baxter Intern., Inc. v. McGaw, Inc.*, 149 F.3d 1321, 1327 (Fed. Cir. 1998). And one of the tests courts look to when determining materiality is PTO Rule 56, which provides in pertinent part that "information is material to patentability when … [i]t establishes, by itself *or in combination with other information, a prima facie case of unpatentability of a claim*." 35 C.F.R. § 1.56 (emphasis added). This is just another way of saying that a reference is material to patentability if it anticipates *or renders obvious* (alone

5

or in combination with other art) the proposed claim. *Canady v. Erbe Elektromedizin GmbH*, 20 F.Supp.2d 54, 63-64 (D. D.C. 1998) ("The combination of prior art references that renders a claimed invention obvious to one of ordinary skill must also teach all of the claimed limitations"). In other words, if information would render a patent claim obvious, it is material to patentability and must be disclosed. *Dippin' Dots, Inc. v. Mosey*, 476 F.3d 1337, 1345 (Fed. Cir. 2007) ("The first prong of the inequitable conduct test, materiality, is clearly met here. As discussed supra, the Festival Market sales render the '156 patent invalid for obviousness.") *See also, Laitram Corp. v. Cambridge Wire Cloth Co.*, 785 F.2d 292, 294 (Fed. Cir. 1986) (recognizing, in the context of an inequitable conduct claim, that because an undisclosed prior art reference rendered the patent-in-suit obvious, materiality had been demonstrated). Because materiality, and thus inequitable conduct, can turn on whether an undisclosed reference renders a patent obvious, it was entirely proper for Mr. Carmichael to supplement his report to take the *KSR* decision into consideration when concluding that the references concealed from the Patent Office by MindPlay were material because they contributed to the conclusion that the pending claims were obvious.

Indeed, Defendants do not contest that a piece of prior art that would render a patent claim obvious would be material and must be disclosed to the Patent Office. Instead, Defendants attempt to argue that because the MindPlay inventors withheld material information back in 1999, before the Supreme Court's *KSR* decision allegedly expanded the test for obviousness, that the *KSR* decision" had absolutely no impact on Mr. Carmichael's opinions regarding inequitable conduct." Motion to Strike at 8. But this argument fails because the obviousness standard set forth in *KSR* is the same standard applicable to the MindPlay's inventors back in 1999. The only difference is that the Supreme Court clarified that the manner in which recent Federal Circuit authority applied this standard was too rigid, and articulated certain factors as appropriate for consideration when determining whether the previously articulated standard is satisfied. More specifically, and as stated by the Supreme Court:

In *Graham v. John Deere Co. of Kansas City,* 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966), the Court set out a framework for applying the statutory language of § 103, language itself based on the logic of the earlier decision in *Hotchkiss v. Greenwood,* 11 How. 248, 13 L.Ed. 683 (1851), and its progeny. The analysis is objective:

> "Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background the obviousness or nonobviousness of the subject matter is determined. Such secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented."

While the sequence of these questions might be reordered in any particular case, ***the factors continue to define the inquiry that controls***. If a court, or patent examiner, conducts this analysis and concludes the claimed subject matter was obvious, the claim is invalid under § 103. Seeking to resolve the question of obviousness with more uniformity and consistency, the Court of Appeals for the Federal Circuit has employed an approach referred to by the parties as the "teaching, suggestion, or motivation" test (TSM test), under which a patent claim is only proved obvious if "some motivation or suggestion to combine the prior art teachings" can be found in the prior art, the nature of the problem, or the knowledge of a person having ordinary skill in the art. KSR challenges that test, or at least its application in this case. Because the Court of Appeals addressed the question of obviousness in a manner contrary to § 103 and our precedents, we granted certiorari. We now reverse.

*KSR Intern. Co. v. Teleflex Inc.*, 127 S.Ct. 1727, 1734-1735 (2007) (emphasis added). The Supreme Court went on to state that "[w]hen it first established the requirement of demonstrating a teaching, suggestion, or motivation to combine known elements in order to show that the combination is obvious, the Court of Customs and Patent Appeals captured a helpful insight.... Helpful insights, however, need not become rigid and mandatory formulas; and when it is so applied, the TSM test is incompatible with our precedents." *Id.* at 1741. In other words, the obviousness standard as articulated by the Supreme Court back in 1966—and the standard governing MindPlay's conduct when it withheld material prior art from the Patent Office—has not changed. But what the *KSR* decision clarified is that recent Federal Circuit jurisprudence placed too much emphasis on the requirement of demonstrating a teaching, suggestion, or motivation to combine known elements in order to show that the combination is obvious, and articulated certain factors as appropriate for

consideration when determining whether the previously articulated standard is satisfied. Because the parties in their original expert reports and summary judgment briefing were focused on the teaching, suggestion, or motivation to combine test as defined in recent Federal Circuit cases, the Court's June 14, 2007 Order was necessary to permit, for example, Mr. Carmichael to apply the proper standard as articulated and explained by the *KSR* court without a rigid adherence to the teaching, suggestion, or motivation to combine test emphasized by some more recent Federal Circuit decisions. Thus, far from undermining the need for Mr. Carmichael to supplement his expert report, the *KSR* decision actually supports it. Absent supplementation, Mr. Carmichael could (and knowing Defendants, probably would) be accused of applying a rejected Federal Circuit standard. The Court's permitted supplementation removes this hurdle, as it was intended to do.

    **C.    Neither The Court's June 14 Order Nor the Parties Discussions Preclude Addressing Obviousness in the Context of Interference and Inequitable Conduct.**

Defendants attempt to persuade this Court that Plaintiffs exceeded the scope of the Court's June 14 Order by repeating that Plaintiffs' experts addressed inequitable conduct and interference again and again, in the apparent hope that the Court will conclude, without any investigation or analysis, that obviousness is entirely unrelated to interference and inequitable conduct. But as discussed above, there can be no doubt that obviousness plays an integral role in both interference and inequitable conduct claims. Furthermore, it cannot be legitimately disputed that Plaintiffs' supplemental expert reports were limited to the impact of obviousness on these claims. Indeed, if Plaintiffs had discussed issues beyond just obviousness, Defendants certainly would have come forward with specific examples to support their reckless claims that Plaintiffs violated a court order.

Defendants' argument that they did not understand that obviousness would impact any claims beyond prior-art based invalidity, and therefore Plaintiffs should be precluded from submitting supplemental expert reports on anything but prior art based obviousness positions, is contradicted by their own factual background and their own conduct in the negotiations leading to

the parties' proposed stipulation. More specifically, the first contact between the parties, that led to the stipulation submitted to the Court, was an email from Defendants stating that "we intend to submit supplemental briefing on the impact of KSR, and the recent Fed Cir cases applying KSR, *on the pending motions*." Ex. B (5/17/07 Email from J. Kash to M. Bregenzer). Notably, Defendants did not limit their intent to brief the impact of *KSR* to just the prior art based validity motions. Instead, they intended to submit supplemental briefing on *all* the pending motions.

Additionally, the draft stipulation attached to Defendants' Motion to Strike does not support Defendants' contention that the parties did not contemplate supplementation of expert reports on all issues to the extent they are impacted by obviousness. The draft stipulation expressly permitted the parties "to (a) prepare and submit supplemental expert reports *on the limited issue of obviousness*; (b) conduct supplemental expert depositions of those experts who submit a supplemental expert report; and (c) submit new summary judgment briefing *on validity*."[4] Ex. C (Plaintiffs' draft stipulation red-lined by Defendants). As explained above, the supplemental reports only supplement the obviousness aspects of the prior reports. Defendants' reliance upon this (unaccepted) stipulation improperly presumes that the supplementation does not relate to obviousness, simply because the obviousness issues addressed are subsumed in a broader analysis.

Perhaps more importantly, it is Defendants' argument, not Plaintiffs' conduct, that conflicts with this Court's June 14 Order. More specifically, the Court explicitly contemplated that the issue of obviousness was not limited just to prior art based validity as Defendants now argue. In the June 14 Order, the Court held that the "supplemental points and authorities shall be limited to the issue of obviousness and the impact of the Supreme Court's decision in <u>KSR International v. Teleflex, Inc.</u>, on the motions #566, #572, #575, #577, #578, #580, and #672." Ex. B (6/14/07 Order). Of course, these are all the pending summary judgment motions, not just those directed at prior art based

---

[4]  At the time, Defendants were confident that additional briefing on interference was unnecessary and that Defendants' summary judgment motion in that regard would be denied.

invalidity. And the listed motions include Defendants' Motion for Summary Judgment of Plaintiffs' Counts I-III of Counterclaims for Interference ("Interference SJ Motion"). In other words, the Court explicitly permitted supplemental briefing on "the issue of obviousness and the impact of the Supreme Court's decision in <u>KSR International v. Teleflex, Inc.</u>, on" Defendants' Interference SJ Motion. It is therefore inconceivable for Defendants to argue that the Court's June 14 Order permitting supplemental briefing on the interplay between obviousness and interference, somehow prohibits supplemental expert reports on the interplay between obviousness and interference. Simply put, the Court's June 14 Order did not preclude discussing obviousness in the context of the interference count or the inequitable conduct defense. As a result, Defendants' argument that Plaintiffs somehow exceeded the scope of the Court's June 14 Order by addressing "the issue of obviousness and the impact of the Supreme Court's decision in <u>KSR International v. Teleflex, Inc.</u>, on" issues beyond prior art based validity, fails.

To the extent Defendants were actually surprised, and failed to understand the scope of the Court's June 14 Order, there is still no harm to Defendants. Because inequitable conduct and interference are both issues on which Plaintiffs' bear the burden of proof, Defendants would not have submitted an opening supplemental report on those issues anyway. Defendants would have been in the same position they are now; they would be providing a rebuttal report to Plaintiffs' expert reports. Further highlighting the lack of any prejudice, Defendants have advised Plaintiffs they will be submitting a rebuttal expert report addressing the impact of obviousness on the inequitable conduct and interference claims. Ex. D (8/14/07 Letter from A. Pallios-Roberts to M. Bregenzer). Once that happens, Plaintiffs will provide a copy of that report to the Court.

## III. CONCLUSION

WHEREFORE, for the reasons set forth above, Plaintiffs respectfully request that this Court deny Defendants' Motion to Strike.

Dated:  August 16, 2007                                Respectfully submitted,


                                                  ___/s/ Barry F. Irwin_____
Wayne Shaffer
LAXALT & NOMURA, LTD
9600 Gateway Drive
Reno, Nevada 89521
Telephone: (775) 322-1170
Facsimile: (775) 322-1865

Robert G. Krupka, P.C.
Barry F. Irwin, P.C.
Michael P. Bregenzer
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 16, 2007, a copy of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE THE SUPPLEMENTAL EXPERT REPORT OF JAMES T. CARMICHAEL AND THE PORTIONS OF THE SUPPLEMENTAL EXPERT REPORT OF JOHN STRISOWER ADDRESSING PLAINTIFFS' INTERFERENCE CLAIM FOR VIOLATION OF THE COURT'S JUNE 14, 2007 ORDER** was served on the following:

**VIA HAND DELIVERY AND THE COURT'S ECF SYSTEM**

Charles Verhoeven
Jennifer Kash
QUINN EMANUEL URQUHART OLIVER
         & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111

**VIA THE COURT'S ECF SYSTEM**

Brad M. Johnston, Esq.
Nevada Bar No. 8515
HALE LANE PEEK DENNISON AND HOWARD
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

　　　　　　　　　　　　　　　　　　　　/s/  Lesley Ahlberg

　　　　　　　　　　　　　　　　　　　　An Employee of Kirkland & Ellis LLP