WAYNE SHAFFER         wshaffer@laxalt-nomura.com
LAXALT & NOMURA, LTD
9600 Gateway Drive
Reno, Nevada 89521
Telephone: (775) 322-1170
Facsimile: (775) 322-1865

ROBERT G. KRUPKA, P.C.    bkrupka@kirkland.com
BARRY F. IRWIN, P.C.      birwin@kirkland.com
MICHAEL P. BREGENZER      mbregenzer@kirkland.com
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601-6636
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SHUFFLE MASTER, INC. and IGT, | ) |
| Plaintiffs, | ) |
| v. | ) CV-N-04-0407-ECR (RAM) |
| MP GAMES LLC D/B/A MINDPLAY GAMES, ROBERT MOUCHOU, ALLIANCE GAMING CORP. D/B/A BALLY GAMING AND SYSTEMS and BALLY GAMING, INC., | ) **PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE THE SUPPLEMENTAL EXPERT REPORT OF JAMES T. CARMICHAEL AND THE PORTIONS OF THE SUPPLEMENTAL EXPERT REPORT OF JOHN STRISOWER ADDRESSING PLAINTIFFS' INTERFERENCE CLAIM FOR VIOLATION OF THE COURT'S JUNE 14, 2007 ORDER** |
| Defendants. | ) |

## I. INTRODUCTION

The Court's June 14, 2007 Order ("Order") in this case permitted the parties "to submit supplemental expert reports on the issue of obviousness." *See* Docket No. 817 (June 14, 2007 Order). In response to the Court's Order, Plaintiffs' experts, James Carmichael and John Strisower, submitted supplemental expert reports ("Supplemental Reports") that were limited to the issues in their original reports that included a determination of obviousness.[1]

Defendants filed a Motion To Strike the Supplemental Report of James T. Carmichael and the Portions of the Supplemental Expert Report of John Strisower Addressing Plaintiffs' Interference Claim for Violation of the Court's June 14, 2007 Order ("Motion to Strike"), which has been briefed by the parties. After the parties' briefing on the Motion to Strike, Mr. Carmichael provided a second full day of deposition testimony.[2] Mr. Carmichael's recent deposition contains testimony that is relevant to Plaintiffs' Opposition to Defendants' Motion to Strike. Likewise, on September 6, 2007, Mr. Strisower also provided a second full day of deposition testimony, some of which related to his obviousness interference analysis. As such, Plaintiffs respectfully request that the Court consider the relevant portions of Mr. Carmichael's and Mr. Strisower's testimony, which are discussed in part below and attached hereto, in deciding the Defendants' Motion to Strike.

First, Mr. Carmichael made clear that he prepared his supplemental report in accordance with the Court's June 14, 2007 Order, and specifically, that his Supplemental Report and opinions therein were confined to issues of obviousness under the Supreme Court's *KSR* decision.

Second, Mr. Carmichael also testified regarding his understanding of the *KSR* decision and why it is relevant to the issue of obviousness within a materiality analysis, notwithstanding the Defendants' arguments that *KSR* creates a new standard and is therefore inapplicable to patents

---

[1] Defendants do not dispute, nor could they, that the issues of materiality and interference addressed in Mr. Carmichael's Supplemental Report include obviousness determinations or that Mr. Strisower's interference analysis depended in part upon obviousness.

[2] The fact that the supplemental reports and rebuttal reports thereto have been exchanged, and that the related expert depositions have been completed, moots Defendants' arguments based on the alleged burden of addressing and responding to the objected-to supplements.

prosecuted and issued prior to the *KSR* decision. Specifically, Mr. Carmichael testified regarding his understanding that *KSR* did not create a new standard for obviousness, but simply provided analytical tools for use in determining whether the long-established obvious standard has been met, inasmuch as *KSR* expressly affirms, rather than replaces, the obviousness standard provided in *Graham v. John Deere* in 1966.

Third, Mr. Carmichael also testified that his supplemented interference claim charts, which add a column of comments regarding obviousness under *KSR*, were specifically prepared pursuant to the Court's Order.

Fourth, Mr. Strisower also made clear that he prepared his entire Supplemental Report, including the sections Defendants now seek to strike, in accordance with the Court's June 14, 2007 Order, and confined his report to the issue of obviousness under the Supreme Court's *KSR* decision.

The above-described testimony by Mr. Carmichael and Mr. Strisower demonstrates that their Supplemental Reports were provided in accordance with the Court's Order, and that there is no basis to strike them. Plaintiffs therefore respectfully submit this Supplemental Memorandum regarding Mr. Carmichael's and Mr. Strisower's recent testimony, in support of Plaintiffs' Opposition to the Defendants' Motion to Strike. Plaintiffs accordingly renew their request that the Court reject Defendants' latest attempt to have decisions in this case made on an incomplete record rather than on the merits, and reject Defendants' Motion to Strike.

## II.     ARGUMENT

### A.     Mr. Carmichael's Testimony Confirms that His Supplemental Opinions Are Limited to the Issue of Obviousness.

Pursuant to this Court's June 14 Order, Defendants deposed Plaintiffs' expert Mr. Carmichael on his Supplemental Report on August 27, 2007. When asked about the scope of the opinions in his Supplemental Report, Mr. Carmichael testified that they were limited to the issues of obviousness, as ordered:

> Q. Would you mind stating for the record what opinions you supplemented in that report?
>
> A. Sure. I supplemented my opinions related to obviousness.
>
> Q. Can you be more specific?

>    A.   Sure.  I talked about how the camera patents would have been obvious over certain prior art, including Trak-21, and how the '837 patent would have been at least prima facie obvious over -- over the other references that I mentioned in there, including Safejack and BJSV.  And then also I talked about how the claims of interfering patents would have rendered each other obvious under my obviousness analysis.

Carmichael Dep. (attached hereto as Exhibit 1) at 225:4-20; *see also id.* at 252:15 to 253:5.  Moreover, Mr. Carmichael confirmed that he had **not** supplemented the opinions from his original report that did **not** involve the issue of obviousness:

>    Q.   I guess I can make it easier for you.  Have you supplemented your opinion on double patenting in your supplemental report?
>
>    A.   No.
>
>    Q.   And have you supplemented your opinion on correction of inventorship in your supplemental report?
>
>    A.   Not specifically, no.

Carmichael Dep. at 228:18-25.  Therefore, in addition to his expert report, which on its face is limited to issues involving obviousness, Mr. Carmichael has confirmed the same through his deposition testimony.

Mr. Carmichael's unambiguous testimony highlights the word games that Defendants are playing with the Court.  Thus, Defendants' frivolous argument that the obviousness analyses necessary to resolve the issues of materiality and interference are outside the scope of the Court's order allowing supplementation on obviousness, should be decisively rejected.

>    **B.   Mr. Carmichael Testified that Because *KSR* Did Not Change the Obviousness Standard, It Is Relevant to the Materiality of the References that the Defendants Withheld from the PTO.**

Mr. Carmichael's recent testimony is also relevant to Defendants' red-herring argument that because the *KSR* decision was not available during the prosecution of the MindPlay patents, the analysis provided by the Supreme Court in *KSR* is irrelevant to the obviousness component of the materiality analysis for information withheld during the prosecution of the MindPlay patents.

Mr. Carmichael testified in his August 27 deposition about his understanding of applicability of the *KSR* decision to the issue of materiality in this case.  Significantly, Mr. Carmichael pointed

1   out that the *KSR* decision itself applied to a patent that was, of course, prosecuted and issued prior
2   to the *KSR* decision.  *See* Carmichael Dep. at 229:21 to 230:9; 268:15-22; 268:25 to 273:20.
3   Additionally, Mr. Carmichael noted that the Supreme Court in *KSR* applied the same obviousness
4   standard that has been used for decades, that *KSR* relied on language from much earlier Supreme
5   Court decisions (which were available and in force during the prosecution of the MindPlay patents),
6   and that *KSR* did not reject the Federal Circuit's "teaching, suggestion or motivation" ("TSM")
7   test—it only rejected the Federal Circuit's rigid application of the TSM test in the Federal Circuit's
8   *KSR* decision below (which was decided after the MindPlay patents issued).  *Id.*

9           Mr. Carmichael testified that the proper obviousness standard was specified in 1966 in
10  *Graham v. John Deere*—the same obviousness standard used by the Supreme Court in *KSR*.  *See*
11  *KSR International Co. v. Teleflex, Inc.*, 127 S. Ct. 1727, at 1729 (2007) ("*Graham v. John Deere*
12  *Co. of Kansas City*, 383 U.S. 1, 17-18, 86 S.Ct. 684, 15 L.Ed.2d 545, set out an objective analysis
13  for applying [35 U.S.C.] § 103 [the statutory basis for obviousness]. . . **the [Graham] factors define**
14  **the controlling inquiry.**" (emphasis added)); Carmichael Dep. at 230:3-9 ("the *KSR* decision
15  provided a re-explanation of what the obviousness standard was under *Graham*.").  Thus, contrary
16  to Defendants' arguments, Mr. Carmichael is not opining in his Supplemental Report that a new
17  standard of obviousness has been created and should be applied retroactively, but rather that the
18  *KSR* decision has provided additional information to aid in analyzing obviousness under the long-
19  standing obviousness test provided in *Graham*.  *See, e.g.,* Carmichael Dep. at 272:22 to 273:2 ("it
20  was always the duty of applicants to disclose prior art that they knew of that rendered at least one
21  claim of the application obvious under *Graham v. [John] Deere*, and *KSR* shows one way of
22  approaching that under *Graham v. John Deere*.").

23          Therefore, as argued by Plaintiffs in their Opposition, the Court should reject the
24  Defendants' misguided argument that the *KSR* has no relevance to obviousness in the context of
25  materiality because it was not available during the prosecution of the patents-in-suit.

26
27
28

### C. Mr. Carmichael Testified that the Comments in his Supplemented Interference Claim Charts Were Prepared Pursuant to the Court's Order.

Another aspect of the Defendants' Motion to Strike about which Mr. Carmichael testified is Defendants' argument that Mr. Carmichael added a column with comments on the applicability of *KSR* to his Supplemental Report in response to Defendants' criticism that the interference claim charts submitted with Mr. Carmichael's original expert report lacked analysis. As an initial matter, Mr. Carmichael took issue in his recent deposition with the Defendants' assertion that his original interference charts lacked analysis:

> BY MS. ROBERTS: Q. Okay. But why did you include analysis supporting your opinions on obviousness in the right-hand column of your claim chart attached to your supplemental report but did not include analysis in your claim charts attached to your original report, other than the claim language?
>
> MR. GILL: Objection, asked and answered and lacks foundation.
>
> THE WITNESS: I disagree that the original claim charts with my original report had no analysis other than the claim language. First of all, parsing out the claim language and indicating in my initial report which claim language I viewed as rendering unpatentable the other claims revealed quite a lot of analysis.
>
> And, secondly, the text of the original claim charts attached to my original report did have analysis in them other than the claim language. And the text of my report also had analysis, as did the information I provided during my first deposition.

Carmichael Dep. at 410:2-24. Additionally, Mr. Carmichael testified the comments on *KSR* and obviousness in the interference charts attached to his Supplemental Report were provided pursuant to the Court's June 14 order in this case:

> Q. Why did you consider it necessary to include this column, the comment regarding obviousness in light of *KSR*, in your supplemental report, when you did not include a similar column in your original report?
>
> MR. GILL: Objection, lacks foundation; asked and answered.
>
> THE WITNESS: I don't know that it was necessary, but the court's order provided for supplementing expert reports on the issue of obviousness and that's what I did.
>
> * * *

| | |
|---|---|
| 1 | |
| 2 | Q. Well, why did you include that column rather than just submitting the text of your report? |
| 3 | MR. GILL: Object to the form; asked and answered. |
| 4 | THE WITNESS: I included the right-hand column in Exhibits 2 through 9 of my supplemental report pursuant to the court's order providing for supplementing expert reports on obviousness. |
| 5 | |

Carmichael Dep. at 411:6-16 & 412:16-25.  Therefore, Defendants are incorrect in their assertion that Mr. Carmichael's initial interference charts lacked analysis, and in their presumption that Mr. Carmichael added a column discussing obviousness under *KSR* in response to Defendants' criticism.

Even assuming Defendants' are correct, which they are not, that Mr. Carmichael's initial interference charts are deficient, or that the interference charts attached to Mr. Carmichael's Supplemental Report are an attempt to correct that deficiency, the supplemental interference charts would still be proper, because: 1) they address only the issue of obviousness under the *KSR* decision, and are therefore within the scope of the stipulated, Court-ordered supplementation; and 2) because experts are properly allowed (and in some instances are required) to provide supplemental reports or analysis when material deficiencies are pointed out by the opposing side.  *See* Fed. R. Civ. Proc. 26(e) ("A party who has made a disclosure under Rule 26(a) . . .must supplement or correct its disclosure or response. . . if the party learns that in some material respect the information disclosed is incomplete or incorrect...."); *see also Talbert v. City of Chicago,* 236 F.R.D. 415, 421 (N.D. Ill. 2006) ("It is not always necessary, then, that the supplement be based on information acquired after the initial report was disclosed; it is enough that the party learn the expert report was incomplete or incorrect in some material aspect."); *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.,* 73 F.3d 546, 570 (5th Cir. 1996); *Gilbane Bldg. Co. v. Downers Grove Cmty. High Sch. Dist. No. 99,* No. 02 C 2260, 2005 WL 838679 at *8 (N.D. Ill. April 5, 2005); *Wilson v. Sundstrand Corp.,* Nos. 99 C 6944, 99 C 6946, 2003 WL 22012673 at *7 (N.D. Ill. Aug. 25, 2003) (holding that supplementation was not inherently improper just because it was prompted by challenges to the expert's opinions raised by opposing counsel); *Confederated Tribes of Siletz*

*Indians of Or. v. Weyerhaeuser Co.,* No. CV 00-1693-PA, 2003 WL 23715981 at *2 (D. Or. Jan. 21, 2003) (declining to exclude supplemental expert testimony that was disclosed in response to opponent's challenges to the original expert report, and finding no basis to exclude "simply because Plaintiffs failed to anticipate the need for it until the defect was pointed out by their opponent."). Therefore, the interference charts attached to Mr. Carmichael's Supplemental Report are proper, and Plaintiffs respectfully submit Mr. Carmichael's above-discussed and attached deposition testimony for consideration by the Court in deciding the Defendants' Motion to Strike.

D. **Mr. Strisower's Testimony Confirms that His Supplemental Opinions Are Limited to the Issue of Obviousness.**

Pursuant to this Court's June 14 Order, Defendants deposed Plaintiffs' expert Mr. Strisower on his Supplemental Report on September 6, 2007. When asked about the sections of his report that Defendants now move to strike, Mr. Strisower unequivocally stated that those sections, relating to interference for obviousness and the exhibits attached to his supplemental report, were limited to the issues of obviousness, as ordered:

> Q. So there is no comparable claim charts there are -- that you have currently in your new report you didn't have anything comparable to that in your prior report?
>
> A. Except by reference.
>
> Q. Okay. Why in your latest report have you now added all of these claim charts?
>
> A. Because of the obviousness analysis. This was about obviousness, right. That's what the supplemental reports were about, obviousness in light of *KSR*.
>
> \*     \*     \*
>
> Q. Okay. And so each of these boxes or each of these charts deal specifically with obviousness under *KSR*?
>
> A. Yes.

Strisower Dep. (attached hereto as Exhibit 2) at 147:8-25.  Therefore, in addition to his expert report, which on its face is limited to issues involving obviousness, Mr. Strisower has confirmed the same through his deposition testimony.[3]

Mr. Strisower's unambiguous testimony, much like that of Mr. Carmichael described above, again demonstrates Defendants' fallacious reasoning.  Thus, Defendants' baseless argument that the obviousness analyses necessary to resolve interference is outside the scope of the Court's order allowing supplementation on obviousness—especially when belied by Defendants themselves where they previously admitted that a proper interference analysis involves an obviousness analysis—should be summarily rejected.  See Defs' Mot. for Summ. J. of Pltfs' Counts I-III of Counterclaims for Interference, at 2 (quoting *Medichem, S.A. v. Rolabo, S.L.*, 353 F.3d. 928, 934 (Fed. Cir. 2003) ("The claimed invention of Party A must anticipate *or render obvious* the claimed invention of Party B and the claimed invention of Party B must anticipate *or render obvious* the claims invention of Party A.") (emphasis added)).

### III.  CONCLUSION

WHEREFORE, for the reasons set forth above and in Plaintiffs' Opposition, Plaintiffs respectfully request that this Court deny Defendants' Motion to Strike.

---

[3] To the extent Defendants imply that the exhibits attached to Mr. Strisower's Supplemental Report are correcting an allegedly flawed analysis in Mr. Strisower's initial report, which they are not because as stated by Mr. Strisower during his deposition he adopted Mr. Carmichael's analysis "by reference" in Mr. Strisower's initial report, for the same reasons described in Section III.C. *supra*, Defendants' Motion to Strike should still be rejected.  *See* Fed. R. Civ. Proc. 26(e) ("A party who has made a disclosure under Rule 26(a) . . .must supplement or correct its disclosure or response. . . if the party learns that in some material respect the information disclosed is incomplete or incorrect…."); *see also Talbert,* 236 F.R.D. at 421; *Sierra Club,* 73 F.3d at 570; *Gilbane,* 2005 WL 838679 at *8; *Wilson,* 2003 WL 22012673 at *7; *Confederated Tribes of Siletz Indians,* 2003 WL 23715981 at *2.

1  Dated:  September 12, 2007                          Respectfully submitted,

2

3                                                              ___/s/ Barry F. Irwin_____
                                                               Wayne Shaffer
4                                                              LAXALT & NOMURA, LTD
                                                               9600 Gateway Drive
5                                                              Reno, Nevada 89521
                                                               Telephone: (775) 322-1170
6                                                              Facsimile: (775) 322-1865

7
                                                               Robert G. Krupka, P.C.
8                                                              Barry F. Irwin, P.C.
                                                               Michael P. Bregenzer
9                                                              KIRKLAND & ELLIS LLP
                                                               200 East Randolph Drive
10                                                             Chicago, IL 60601
                                                               Telephone: (312) 861-2000
11                                                             Facsimile: (312) 861-2200

12
                                                               *Attorneys for Plaintiffs*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 12, 2007, a copy of the foregoing **SUPPLEMENT TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE THE SUPPLEMENTAL EXPERT REPORT OF JAMES T. CARMICHAEL AND THE PORTIONS OF THE SUPPLEMENTAL EXPERT REPORT OF JOHN STRISOWER ADDRESSING PLAINTIFFS' INTERFERENCE CLAIM FOR VIOLATION OF THE COURT'S JUNE 14, 2007 ORDER** was served on the following:

**VIA THE COURT'S ECF SYSTEM**

Charles Verhoeven
Jennifer Kash
QUINN EMANUEL URQUHART OLIVER
  & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111

**VIA THE COURT'S ECF SYSTEM**

Brad M. Johnston, Esq.
Nevada Bar No. 8515
HALE LANE PEEK DENNISON AND HOWARD
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

　　　　　　　　　　　　　　　　　　　　　　　/s/ Lesley Ahlberg

　　　　　　　　　　　　　　　　　　　　　An Employee of Kirkland & Ellis LLP