WAYNE SHAFFER                    wshaffer@laxalt-nomura.com
Nevada Bar No. 1519
LAXALT & NOMURA, LTD
9600 Gateway Drive
Reno, Nevada 89521
Telephone: (775) 322-1170
Facsimile: (775) 322-1865

ROBERT G. KRUPKA, P.C.           bkrupka@kirkland.com
BARRY F. IRWIN, P.C.             birwin@kirkland.com
MICHAEL P. BREGENZER             mbregenzer@kirkland.com

KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601-6636
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SHUFFLE MASTER, INC. and IGT,<br><br>Plaintiffs,<br><br>v.<br><br>MP GAMES LLC D/B/A MINDPLAY GAMES, ROBERT MOUCHOU, ALLIANCE GAMING CORP. D/B/A BALLY GAMING AND SYSTEMS and BALLY GAMING, INC.,<br><br>Defendants. | CV-N-04-0407-ECR (RAM)<br><br>**DECLARATION OF JAMES T. CARMICHAEL IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL POINTS AND AUTHORITIES REGARDING OBVIOUSNESS AND THE IMPACT OF THE SUPREME COURT'S *KSR* DECISION ON THE PENDING SUMMARY JUDGMENT MOTIONS** |

# DECLARATION OF JAMES T. CARMICHAEL

I, James T. Carmichael, declare as follows:

1. I have personal knowledge of the facts stated herein and if called to testify could competently testify to the following matters.

### Qualifications

2. Upon graduating from Yale University with a Bachelor of Arts degree in 1984, I enrolled in the University of Wisconsin to study both electrical engineering and law concurrently. While attending law school, I took a number of courses in the electrical engineering department. In 1987 I received a Juris Doctor degree from the University of Wisconsin, graduating with honors (*cum laude*). I later enrolled in the Master of Science in Electrical and Computer Engineering program at George Mason University. I completed about ten of the twenty courses required for that degree before leaving the program in 1996.

3. From 1987 to 1990, I was an associate attorney with Lyon & Lyon LLP, a large patent law firm based in Los Angeles, California. As an associate, I assisted in patent litigation and patent prosecution in various technologies including signal transmission and automotive electronics.

4. In 1990, I became the sole law clerk for Circuit Judge Howard T. Markey at the U.S. Court of Appeals for the Federal Circuit. In that role, I assisted Judge Markey in drafting opinions and discussing pending cases with the other Federal Circuit judges.

5. In 1991, I took and passed the examination for registration to practice in patent cases before the U.S. Patent and Trademark Office (the "Patent bar exam").

6. From 1991 to 1996, I was an attorney in the Office of the Solicitor at the U.S. Patent and Trademark Office (PTO).

7. In the Solicitor's Office, I was appointed coordinator of enrollment and disciplinary proceedings. In that role, I assigned and supervised all enforcement proceedings against registered patent attorneys charged with violating the PTO Code of Professional Responsibility. The issues in these matters included violation of attorneys' duty of candor and the duty to disclose information known to be material under 37 CFR § 1.56. *See* 37 CFR § 10.23(c)(10).

8. I also assisted the PTO in developing and issuing federal regulations. For example, I consulted with my then-colleagues in the Solicitor's office in helping to develop the PTO's 1992 revision of 37 CFR § 1.56. The regulation was modified at that time to emphasize the patent applicants' duty of candor and good faith. We also analyzed the standard of materiality applicable to the duty of disclosure. The resulting regulation (Rule 56) will be discussed in greater detail below in the context of Plaintiffs' inequitable conduct claim below.

9. As an Associate Solicitor, I helped revise sections of the Manual of Patent Examining Procedure ("the Manual"). I was responsible for legal review of the Manual's Chapter 2000 ("Duty of Disclosure"), among others. I also wrote some of the questions appearing on the Patent bar exam and helped decide petitions from attorneys who received a failing grade. Other duties included helping train groups of PTO employees on proper procedures and ethics.

10. While in the Solicitor's Office, I briefed and argued approximately thirty appeals at the U.S. Court of Appeals for the Federal Circuit in cases involving patentability. I also represented the Commissioner of Patents and Trademarks in U.S. District Courts.

11. In 1996 I was appointed Examiner In Chief (also known as Administrative Patent Judge) on the Board of Patent Appeals and Interferences. In that post, which I held until 1999, I was responsible for hearing and deciding appeals taken from final rejections imposed by lower level examiners regarding electrical inventions. In each case, I examined the patent application, evaluated the arguments of the lower level examiner and the arguments of the patent applicant's attorney, weighed the evidence of

record, and rendered a decision affirming or reversing the examiner's decision. As an Examiner in Chief, I examined about eight hundred (800) applications to determine patentability (most for possible anticipation and/or obviousness) and personally drafted approximately 200 decisions addressing anticipation and obviousness of electrical inventions.

12. I completed my public service in 1999 and opened a Washington, D.C. office for Lyon & Lyon LLP, the same patent law firm I was with in the 1980's. I served as managing partner of that office until the firm closed nationwide in 2002. I also served as the Secretary of the Association of Patent Law Firms. Currently, I am a principal in the Northern Virginia office of Miles & Stockbridge P.C., a law firm of approximately one hundred eighty attorneys in the Washington, D.C. area. I am admitted to the bars of California and Washington, D.C., and I am registered to practice in patent cases before the U.S. Patent and Trademark Office.

13. My current practice consists primarily of preparing and prosecuting patent applications for electrical inventions in the U.S. Patent and Trademark Office. To a lesser extent, I also handle attorney misconduct proceedings, litigation, appeals, expert consulting, patent licensing, Interferences, and opinions.

### Opinions

14. I have been retained by Plaintiffs to examine numerous materials and render several opinions in the above captioned matter. Attached hereto as Exhibit 1 is a true and correct copy of my Supplemental Expert Report in which I supplement my opinions regarding issues of obviousness, in light of the *KSR* decision and pursuant to the Court's June 14, 2007 Order. I incorporate the opinions set forth in my Supplemental Expert Report herein such that they should be considered to be made under oath in accord with Rule 56.

## Compensation

15. For my work in serving as an expert in this case, Miles & Stockbridge is being compensated at my usual hourly rate, $625 per hour. That is the same rate the firm charges for all of my work, including my primary practice, patent prosecution. My firm's right to compensation is in no way contingent upon the outcome of this case or any issue in it.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 4th day of October, 2007, in McLean, Virginia.

*/s/ James T. Carmichael*
James T. Carmichael

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **DECLARATION OF JAMES T. CARMICHAEL IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL POINTS AND AUTHORITIES REGARDING OBVIOUSNESS AND THE IMPACT OF THE SUPREME COURT'S *KSR* DECISION ON THE PENDING SUMMARY JUDGMENT MOTIONS** was served October 4, 2007, by the Court's ECF System and express mail on the following:

Brad M. Johnston, Esq.
Nevada Bar No. 8515
HALE LANE PEEK DENNISON AND HOWARD
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

Charles Verhoeven
Jennifer Kash
QUINN EMANUEL URQUHART OLIVER
    & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111

      /s/ Lesley Ahlberg

An employee of Kirkland & Ellis